1  David Chami (SBN 027585)
2  **PRICE LAW GROUP, APC**
   5420 S. Lakeshore Dr., Suite 102
3  Tempe, AZ 85283
4  T: 800-884-6000
   Fax: 866-612-5700
5  David@pricelawgroup.com

6  Attorneys for Plaintiff,
7  ROY ROYSTON

8              **UNITED STATES DISTRICT COURT**
9                 **DISTRICT OF ARIZONA**
10

11  ROY ROYSTON                   )  **Case No.:**
                                  )
12           Plaintiff,           )  **COMPLAINT AND DEMAND FOR**
                                  )  **JURY TRIAL**
13       vs.                      )
                                  )  **(Unlawful Debt Collection Practices)**
14  GOLDSTEIN, HENDERSON &        )
    WEISS, INC.; and DOES 1 to 10,)  **Demand Does Not Exceed $10,000**
15  inclusive,                    )
                                  )
16           Defendants.          )
17                                )

18

19

20          <u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

21                    **I.  INTRODUCTION**

22      1.      This is an action for actual and statutory damages brought by Plaintiff,

23  Roy Royston, an individual consumer, against defendant Goldstein, Henderson &

24

25

- 1 -

COMPLAINT

Weiss, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337 and 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.  PARTIES

3.      Plaintiff, Roy Royston is a consumer, a natural person allegedly obligated to pay any debt, residing in Maricopa County, in the state of Arizona. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4.      Defendant, Goldstein, Henderson & Weiss, Inc., is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 232 Cockeysville Road, Suite C100, Cockeysville, Maryland 21030-2171.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts

COMPLAINT

alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

6.    Upon information and belief, within one (1) year prior to the filing of this Complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed; namely a credit card debt.

7.    The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  As such, it qualifies as "debt," as defined by 15 U.S.C. § 1692a(5).

8.    Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff in June of 2011.

9.    Upon information and belief, on July 8, 2011 at around 10 o'clock antemeridian, Defendant misled Plaintiff, while Plaintiff spoke to Defendant on his cell phone, which was telephone number (602) 754-6555, through false or at the very least misrepresentative statements, threatening that it could take Plaintiff to court and take up to thirty-three percent of Plaintiff's paycheck through wage

COMPLAINT

garnishment by Defendant, and that Defendant could also not only take money out of Plaintiff's bank account but also ruin Plaintiff's credit.

10.    Upon information and belief, to date, Defendant has not commenced litigation against Plaintiff, and does not have the legal standing to do so.

11.    Upon information and belief, Defendant does not have the ability to garnish thirty-three percent of Plaintiff's wages, nor can it take money from Plaintiff's bank account and ruin Plaintiff's credit.

12.    Upon information and belief, Defendant does not have a judgment against Plaintiff.

13.    Upon information and belief, Defendant was given knowledge of Plaintiff's work hours and that such calls to Plaintiff while Plaintiff was working were both inconvenient for Plaintiff and prohibited by Plaintiff's employer.

14.    Upon information and belief, Defendant continued to call Plaintiff at Plaintiff's workplace on July 11, 2011 at around 10:30 antemeridian, and during the conversation Plaintiff repeated himself to Defendant, stating that he could not take calls at work.

15.    Upon information and belief, Defendant then called Plaintiff again during work hours the very next day, on July 12, 2011 at around 11 o'clock antemeridian, and Plaintiff again repeated that he could not take calls at such an

COMPLAINT

inconvenient time.

16.     Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to or at the very least misleading Plaintiff, and by continuing to call Plaintiff while he was working without his consent.

17.     As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in his feeling stressed.

## V.  CLAIM FOR RELIEF

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

18.     Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

19.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to Plaintiff; and

(b)     Defendant violated *§1692c(a)(3)* by calling Plaintiff's place of employment with knowledge or reason to know that Plaintiff's employer prohibits the Plaintiff from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of

competent jurisdiction; and

      (c)     Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

      (d)     Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

      (e)     Defendant violated *§1692e(4)* of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, when such action is unlawful and the Defendant does not intend to take such action; and

      (f)     Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

      (g)     Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

      (h)     Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

COMPLAINT

(i)     Defendant violated *§1692f* of the FDCPA by using unfair or

unconscionable means in connection with the collection of an alleged debt.

20.     Defendant's acts as described above were done intentionally with the

purpose of coercing Plaintiff to pay the alleged debt.

21.     As a result of the foregoing violations of the FDCPA, Defendant is

liable to the Plaintiff, Roy Royston, for declaratory judgment that Defendant's

conduct violated the FDCPA, actual damages, statutory damages, and costs and

attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered

against Defendant, Goldstein, Henderson & Weiss, Inc., for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k;

D.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E.     For such other and further relief as the Court may deem just and

proper.

COMPLAINT

## VI.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Roy Royston, demands trial by jury in this action.

DATED:  January 20, 2012

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

By: _____
David Chami
Attorney for Plaintiff

- 8 -

COMPLAINT